IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                CASE NO. 1:12-cv-00251-MP -GRJ

BRANDON T. WALKER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Notice of Removal (Doc. 1), filed by Brandon T. Walker ("Walker.") For the following reasons, it is recommended that a summary order of remand be entered and the clerk directed to close the case.

### I. DISCUSSION

Walker a defendant in a misdemeanor criminal case pending in the County Court for the Eighth Judicial Circuit has filed a notice of removal of the county court case in which he is charged with trespassing. Walker alleges in the notice of removal that the Court has original jurisdiction under 28 U.S.C. § 1331 and that he is entitled to remove the case "under 28 U.S.C. sec. 1441 in that Plaintiff's Complaint involves claims arising under federal civil rights law." Doc. 1, p. 2 ¶4.

The procedure for removal of criminal prosecutions to federal court was recently added effective January 7, 2012 with the addition of 28 U.S.C. § 1455. *Pub.L.112-63, Title I, § 103(c), Dec. 7, 2011, 125 Stat. 761*. Under the recently added § 1455(b)(4) the "United States district court ... shall examine the notice promptly" and "[I]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should

not be permitted, the court shall make an order for summary remand."

An examination of the Notice of Removal and exhibits attached thereto clearly demonstrate that the Court does not have subject matter jurisdiction over this case -- a criminal case pending in state court involving a violation of state law. A defendant may remove a criminal case to federal court in very limited circumstances such as where the action is brought against an officer of the United States for acts "relating to any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1). There is no suggestion that the defendant is a federal officer charged with committing a criminal act under color of his office or on account of any federal criminal law. Rather, the defendant is a local citizen charged in county court with trespass, a violation of state law. Accordingly, there is no basis for removal of this case and, therefore, an order of summary remand should be entered.[1]

## II. **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Court enter an order of summary remand of this action, direct the Clerk to send a certified copy of the order of summary remand to the Clerk of the County Court, Eighth Judicial Circuit in and for Alachua County, Florida and to close the file and terminate all pending motions.

**IN CHAMBERS** this 6th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 1455(b)(3) "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further ... "

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.